Helen F. Dalton & Associates, P.C.
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
JOSE LUIS GORDILLO, FELIX SANTOS, JUAN COTE
LEON, and JORGE GALVEZ SIERRA, individually and on
behalf of all others similarly situated,

                            Plaintiffs,

    -against-

20 E 49 RESTAURANT INC. d/b/a BURGER HEAVEN,
EVNICK, INC. d/b/a BURGER HEAVEN, NICHOLAS
CYPRUS, and EVANS CYPRUS, as individuals,

                        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, **JOSE LUIS GORDILLO, FELIX SANTOS, JUAN COTE LEON, and JORGE GALVEZ SIERRA,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, **JOSE LUIS GORDILLO, FELIX SANTOS, JUAN COTE LEON, and JORGE GALVEZ SIERRA,** through undersigned counsel, brings this action against **20 E 49 RESTAURANT INC. d/b/a BURGER HEAVEN, EVNICK, INC. d/b/a BURGER HEAVEN, NICHOLAS CYPRUS, and EVANS CYPRUS,** as individuals (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state overtime wage and minimum wage laws arising out of Plaintiffs'

1

employment at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017.

2. Plaintiff JOSE LUIS GORDILLO was employed by Defendants as a delivery person, dishwasher, food preparer and kitchen worker, while performing other miscellaneous tasks, at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017.

3. Plaintiff FELIX SANTOS was employed by Defendants as a delivery person and dishwasher, while performing other miscellaneous tasks, at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017.

4. Plaintiff JUAN COTE LEON was employed by Defendants as a delivery person, dishwasher, food preparer and kitchen worker, while performing other miscellaneous tasks, at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017.

5. Plaintiff JORGE GALVEZ SIERRA was employed by Defendants as a dishwasher and cleaner while performing other miscellaneous tasks, at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017.

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff, JOSE LUIS GORDILLO, residing at 39-63 64th Street, Woodside, New York 11377, was employed by Defendants at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017 from in or around 2009 until in or around September 2017.

12. Plaintiff, FELIX SANTOS, residing at 1675 Walton Avenue, Bronx, New York 10452, was employed by Defendants at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017 from in or around 2007 until in or around August 2017.

13. Plaintiff, JUAN COTE LEON, residing at 823 East 108th Street, Brooklyn, New York 11236, was employed by Defendants at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017 from in or around 2002 until in or around June 2017.

14. Plaintiff, JORGE GALVEZ SIERRA, residing at 35-43 31st Street, Long Island City, New York 11106, was employed by Defendants at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017 from in or around 2007 until in or around May 2017.

15. Upon information and belief, Defendant, 20 E 49 RESTAURANT INC. d/b/a BURGER HEAVEN, is a corporation organized under the laws of New York with a principal executive office at 156 East 2nd Street, Suit 6, New York, New York 10009.

16. Upon information and belief, Defendant, 20 E 49 RESTAURANT INC., is a corporation authorized to do business under the laws of New York.

17. Upon information and belief, Defendant NICHOLAS CYPRUS owns and/or operates 20 E 49 RESTAURANT INC.

18. Upon information and belief, Defendant NICHOLAS CYPRUS manages 20 E 49 RESTAURANT INC.

19. Upon information and belief, Defendant NICHOLAS CYPRUS is the Chairman of the Board of 20 E 49 RESTAURANT INC.

20. Upon information and belief, Defendant NICHOLAS CYPRUS is the Chief Executive Officer of 20 E 49 RESTAURANT INC.

21. Upon information and belief, Defendant NICHOLAS CYPRUS is an agent of 20 E 49 RESTAURANT INC.
22. Upon information and belief, Defendant NICHOLAS CYPRUS has power over personnel decisions at 20 E 49 RESTAURANT INC.
23. Upon information and belief, Defendant NICHOLAS CYPRUS has power over payroll decisions at 20 E 49 RESTAURANT INC.
24. Defendant NICHOLAS CYPRUS has the power to hire and fire employees at 20 E 49 RESTAURANT INC., establish and pay their wages, set their work schedule, and maintains their employment records.
25. Upon information and belief, Defendant EVANS CYPRUS owns and/or operates 20 E 49 RESTAURANT INC.
26. Upon information and belief, Defendant EVANS CYPRUS manages 20 E 49 RESTAURANT INC.
27. Upon information and belief, Defendant EVANS CYPRUS is the Chairman of the Board of 20 E 49 RESTAURANT INC.
28. Upon information and belief, Defendant EVANS CYPRUS is the Chief Executive Officer of 20 E 49 RESTAURANT INC.
29. Upon information and belief, Defendant EVANS CYPRUS is an agent of 20 E 49 RESTAURANT INC.
30. Upon information and belief, Defendant EVANS CYPRUS has power over personnel decisions at 20 E 49 RESTAURANT INC.
31. Upon information and belief, Defendant EVANS CYPRUS has power over payroll decisions at 20 E 49 RESTAURANT INC.
32. Defendant EVANS CYPRUS has the power to hire and fire employees at 20 E 49 RESTAURANT INC., establish and pay their wages, set their work schedule, and maintains their employment records.
33. Upon information and belief, Defendant, EVNICK, INC. d/b/a BURGER HEAVEN, is a corporation organized under the laws of New York with a principal executive office at 156 East 2nd Street, Suit 6, New York, New York 10009.
34. Upon information and belief, Defendant, EVNICK, INC., is a corporation authorized to do business under the laws of New York.

35. Upon information and belief, Defendant NICHOLAS CYPRUS owns and/or operates EVNICK, INC.
36. Upon information and belief, Defendant NICHOLAS CYPRUS manages EVNICK, INC.
37. Upon information and belief, Defendant NICHOLAS CYPRUS is the Chairman of the Board of EVNICK, INC.
38. Upon information and belief, Defendant NICHOLAS CYPRUS is the Chief Executive Officer of EVNICK, INC.
39. Upon information and belief, Defendant NICHOLAS CYPRUS is an agent of EVNICK, INC.
40. Upon information and belief, Defendant NICHOLAS CYPRUS has power over personnel decisions at EVNICK, INC.
41. Upon information and belief, Defendant NICHOLAS CYPRUS has power over payroll decisions at EVNICK, INC.
42. Defendant NICHOLAS CYPRUS has the power to hire and fire employees at EVNICK, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
43. Upon information and belief, Defendant EVANS CYPRUS owns and/or operates EVNICK, INC.
44. Upon information and belief, Defendant EVANS CYPRUS manages EVNICK, INC.
45. Upon information and belief, Defendant EVANS CYPRUS is the Chairman of the Board of EVNICK, INC.
46. Upon information and belief, Defendant EVANS CYPRUS is the Chief Executive Officer of EVNICK, INC.
47. Upon information and belief, Defendant EVANS CYPRUS is an agent of EVNICK, INC.
48. Upon information and belief, Defendant EVANS CYPRUS has power over personnel decisions at EVNICK, INC.
49. Upon information and belief, Defendant EVANS CYPRUS has power over payroll decisions at EVNICK, INC.

50. Defendant EVANS CYPRUS has the power to hire and fire employees at EVNICK, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

51. During all relevant times herein, Defendant NICHOLAS CYPRUS was Plaintiffs' employer within the meaning of the FLSA and NYLL.

52. During all relevant times herein, Defendant EVANS CYPRUS was Plaintiffs' employer within the meaning of the FLSA and NYLL.

53. Upon information and belief, 20 E 49 RESTAURANT INC. d/b/a BURGER HEAVEN is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

54. Upon information and belief, EVNICK, INC. d/b/a BURGER HEAVEN is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

55. Plaintiff JOSE LUIS GORDILLO was employed by Defendants at BURGER HEAVEN currently located at 20 East 49th Street, New York, New York 10017 from in or around 2009 until in or around September 2017.

56. Plaintiff JOSE LUIS GORDILLO was employed by Defendants as a delivery person, dishwasher, food preparer and kitchen worker, while performing other miscellaneous tasks, at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017, from in or around 2009 until in or around September 2017.

57. Plaintiff JOSE LUIS GORDILLO worked approximately 40 (forty) to 45 (forty-five) hours or more per week at BURGER HEAVEN from in or around 2009 until in or around September 2017.

58. Plaintiff JOSE LUIS GORDILLO was paid by Defendants approximately $5.65 per hour from in or around 2011 to in or around 2015, approximately $7.50 per hour in or around 2016, and approximately $9.15 per hour in or around 2017.

59. Defendants failed to pay Plaintiff JOSE LUIS GORDILLO the legally prescribed minimum wage for his hours worked from in or around 2011 until in or around September 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

60. Although Plaintiff JOSE LUIS GORDILLO worked approximately 40 (forty) to 45 (forty-five) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

61. Plaintiff FELIX SANTOS was employed by Defendants at BURGER HEAVEN currently located at 20 East 49th Street, New York, New York 10017 from in or around 2007 until in or around August 2017.

62. Plaintiff FELIX SANTOS was employed by Defendants as a delivery person and dishwasher, while performing other miscellaneous tasks, at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017, from in or around 2007 until in or around August 2017.

63. Plaintiff FELIX SANTOS worked approximately 72 (seventy-two) hours per week at BURGER HEAVEN from in or around 2011 until in or around August 2017.

64. Plaintiff FELIX SANTOS was paid by Defendants approximately $400.00 per week from in or around 2011 until in or around 2012, approximately $460.00 per week from in or around 2013 until in or around 2014, and approximately $550.00 per week from in or around 2015 until in or around August 2017.

65. Although Plaintiff FELIX SANTOS worked approximately 72 (seventy-two) hours per week during the period of his employment by Defendants, Defendants did not pay

Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

66. Plaintiff JUAN COTE LEON was employed by Defendants at BURGER HEAVEN currently located at 20 East 49th Street, New York, New York 10017 from in or around 2002 until in or around June 2017.

67. Plaintiff JUAN COTE LEON was employed by Defendants as a delivery person, dishwasher, food preparer and kitchen worker, while performing other miscellaneous tasks, at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017, from in or around 2002 until in or around June 2017.

68. Plaintiff JUAN COTE LEON worked approximately 40 (forty) hours per week at BURGER HEAVEN from in or around 2011 until in or around June 2017.

69. Plaintiff JUAN COTE LEON was paid by Defendants approximately $180.00 per week from in or around 2011 until in or around June 2017.

70. Defendants failed to pay Plaintiff JUAN COTE LEON the legally prescribed minimum wage for his hours worked from in or around 2011 until in or around September 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

71. Plaintiff JORGE GALVEZ SIERRA was employed by Defendants at BURGER HEAVEN currently located at 20 East 49th Street, New York, New York 10017 from in or around 2007 until in or around May 2017.

72. Plaintiff JORGE GALVEZ SIERRA was employed by Defendants as a dishwasher and cleaner, while performing other miscellaneous tasks, at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017, from in or around 2007 until in or around May 2017.

73. Plaintiff JORGE GALVEZ SIERRA worked approximately 60 (sixty) hours per week at BURGER HEAVEN from in or around January 2013 to the present.

74. Plaintiff JORGE GALVEZ SIERRA was paid by Defendants approximately $380.00 per week from in or around 2011 until in or around 2013, approximately $400.00 per week from in or around 2014 until in or around 2015, and approximately $420.00 per week from in or around 2016 until in or around 2017.

75. Although Plaintiff JORGE GALVEZ SIERRA worked approximately 60 (sixty) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

76. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

77. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

78. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

79. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

80. Collective Class: All persons who are or have been employed by the Defendants as food preparers, dishwashers, delivery persons, cleaners, and other kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

81. Upon information and belief, Defendants employed between 25 and 35 employees within the past three years subjected to similar payment structures.

82. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
83. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without proper minimum wage compensation.
84. Defendants' unlawful conduct has been widespread, repeated, and consistent.
85. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and that Plaintiffs were paid below the applicable minimum wage.
86. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
87. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and/or proper minimum wage in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
88. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
89. The claims of Plaintiffs are typical of the claims of the putative class.
90. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
91. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FIRST CAUSE OF ACTION**
### **Overtime Wages Under The Fair Labor Standards Act**

92. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

10

93. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
94. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
95. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
96. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
97. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
98. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

99. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
100. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
101. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

102. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Minimum Wages Under The Fair Labor Standards Act**

103. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

104. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

105. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

106. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

107. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

108. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

109. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

110. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**FOURTH CAUSE OF ACTION**
**Minimum Wages Under New York Labor Law**

111. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

113. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

114. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

115. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

116. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**FIFTH CAUSE OF ACTION**
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

117. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

118. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

120. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
121. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
122. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs' unpaid overtime wages;
   c. Awarding Plaintiffs' unpaid minimum wages;
   d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   e. Awarding Plaintiffs prejudgment and post-judgment interest;
   f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
   g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Forest Hills, New York
   This 1st day of November 2017.

By: _____
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS GORDILLO, FELIX SANTOS, JUAN COTE LEON, and JORGE GALVEZ SIERRA, individually and on behalf of all others similarly situated,

                     Plaintiffs,

-against-

20 E 49 RESTAURANT INC. d/b/a BURGER HEAVEN, EVNICK, INC. d/b/a BURGER HEAVEN and NICHOLAS CYPRUS and EVANS CYPRUS, as individuals,

                     Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**20 E 49 RESTAURANT INC. d/b/a BURGER HEAVEN**
**20 EAST 49TH STREET**
**NEW YORK, NEW YORK 10017**

**EVNICK, INC. d/b/a BURGER HEAVEN**
**20 EAST 49TH STREET**
**NEW YORK, NEW YORK 10017**

**NICHOLAS CYPRUS**
**20 EAST 49TH STREET**
**NEW YORK, NEW YORK 10017**

**EVANS CYPRUS**
**20 EAST 49TH STREET**
**NEW YORK, NEW YORK 10017**