UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE LUIS GORDILLO, FELIX SANTOS, JUAN
COTE LEON,  JORGE GALVEZ SIERRA, JOSE
CANTO GOMEZ, and BERNARDO CABRERA
individually and on behalf of all
others similarly situated,

                                                             1:17-CV-8460 (VSB)(SN)

                    Plaintiffs,

    -against-

20 E 49 RESTAURANT INC. d/b/a BURGER
HEAVEN, EVNICK, INC. d/b/a BURGER HEAVEN,
MADISON 55TH RESTAURANT, INC. d/b/a
BURGER HEAVEN, 804 LEXINGTON AVENUE
RESTAURANT INC. d/b/a BURGER HEAVEN,
9 E 53 RESTAURANT INC. d/b/a BURGER
HEAVEN, and NICHOLAS CYPRUS, EVANS
CYPRUS, DIMITRI DELLIS and MARGUERITE
LOUCAS, as individuals,

                    Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO
## RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### PRELIMINARY STATEMENT

Defendants, 20 E 49 Restaurant Inc. d/b/a Burger Heaven, Evnick, Inc. d/b/a Burger Heaven, Madison 55th Restaurant, Inc. d/b/a Burger Heaven, 804 Lexington Avenue Restaurant Inc. d/b/a Burger Heaven, 9 E 53 Restaurant Inc. d/b/a Burger Heaven, and Nicholas Cyprus, Evans Cyprus, Dimitri Dellis, and Marguerite Loucas, as individuals, by its attorneys Cullen and Dykman LLP, respectfully submit this Memorandum of Law and the affidavit of Nicholas Cyprus dated June 4, 2018 in support of their partial motion to dismiss Plaintiffs' Complaint. Defendants bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted concerning the claims against Madison 55th

Restaurant Inc. and 804 Lexington Avenue Restaurant as well as against the individually named Defendants.

## STATEMENT OF FACTS

Defendants 20 E 40 Restaurant Inc., Evnick, Inc., Madison 55th Restaurant, Inc., 804 Lexington Avenue Restaurant Inc., and 9 E 53 Restaurant Inc., all were or are currently d/b/a Burger Heaven. Burger Heaven is a family owned chain of restaurants in New York City with locations in: (1) 20 East 49th Street, New York, New York 10017; (2) 804 Lexington Avenue, New York, New York 10021; and (3) 9 East 53rd Street, New York, New York 1002. Complaint ¶ ¶ 18, 52, 120, 154. However, the Burger Heaven located at 536 Madison Avenue, New York, New York 10022 (Madison 55th Restaurant) has been closed since August 19, 2011. See the Affidavit of Nicholas Cyprus sworn to on June 4, 2018 at Exhibit "B" (the "Cyprus Affidavit").

Jose Luis Gordillo, Felix Santos, Juan Cote Leon, Jorge Galvez Sierra, Jose Canto Gomez, and Bernardo Cabrera (collectively the "Plaintiffs") are former employees of certain Defendant entities. Each Plaintiff allegedly worked at one or more of the Burger Heaven locations and each Plaintiff stopped being employed by Burger Heaven at different times. Complaint ¶¶ 12-17. Plaintiffs were all allegedly employed in various capacities. Complaint ¶¶ 198, 204, 209, 219, 224.

Plaintiffs brought an action on behalf of themselves and others similarly situated under the FLSA, 29 U.S.C. § 216(b), and the New York State Labor Law. Complaint ¶¶ 231-242. Plaintiffs argue that Defendants violated the Federal and New York State Labor laws regarding the payment structures implemented by Defendants. Complaint ¶¶ 228-230, 233.

## **ARGUMENT**

## **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), remanded, 574 F.3d 820 (2d Cir. 2009)). The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (*citing Twombly*, 550 U.S. at 560-61). Under this plausibility standard, to survive a motion to dismiss, a plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

A plaintiff must present "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . ." *Falso v. Churchville Chili Cent. Sch.*, 328 F. App'x 55, 55 (2d Cir. 2009) (internal quotation marks and citation omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (internal quotations and citations omitted).

For the reasons set forth below, Plaintiffs' allegations do not state overtime wages claims or minimum wages claims against certain Defendants, and the Complaint therefore must be dismissed in part with prejudice.

## POINT I

## CLAIMS AGAINST MADISON 55TH RESTAURANT ARE TIME BARRED

The Fair Labor Standards Act has a statute of limitations of two years. 29 U.S.C. § 255(a). According to the Act, any cause of action must be commenced within two years after the cause of action accrued and "every such action shall be forever barred unless commenced within two years after the cause of action accrued. *Id.* Further, the New York State Labor Law has a statute of limitations of six years to recover upon liability. N.Y. Lab. L. § 663(3). According to the statute, "an action to recover upon liability . . . must be commenced within six years." *Id.*

Here, Plaintiffs have brought a claim against Defendant Madison 55th Restaurant which has been closed and out of business since August 19, 2011 and thus, the statute of limitations has run. Madison 55th Restaurant was Burger Heaven's diner located at 536 Madison Avenue, New York, New York 10022. See Cyprus Affidavit at Exh. "B". Any claims brought against Madison 55th Restaurant would have been timely only if brought on or before August 19, 2013 for the federal claims and on or before August 19, 2017 for the state claim. Madison 55th Restaurant has been closed and out of business for nearly seven years, and well over six years prior to the date of the filing of the complaint in this Action. Therefore, the statute of limitations under both the Federal and New York Labor laws has run and the causes of action against Madison 55th Restaurant must be dismissed.

Further, Plaintiffs' claims that certain Plaintiffs were employed by Defendant Madison 55th Restaurant after the year 2011 are not possible. Plaintiffs allege that the following Plaintiffs worked at the closed Burger Heaven location: (1) Plaintiff Jose Luis Gordillo from in or around 2009 until in or around 2017; (2) Plaintiff Jose Canto Gomez from in or around 2009 until in or around July 2013; and (3) Plaintiff Bernardo Cabrera from in or around 1998 until in or around January 2017. Complaint ¶¶ 197-198, 218-219, 223-224. These allegations are belied by the documentary evidence

4

attached to the Cyprus Affidavit. Because the restaurant has been closed for the entire statutory period, any claims against it must be dismissed.

## POINT II

### PLAINTIFFS FAILED TO STATE A CLAIM AGAINST DEFENDANT 804 LEXINGTON AVENUE RESTAURANT

Plaintiffs failed to allege any individual worked at the 804 Lexington Avenue Restaurant at any time. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim of relief. *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009). "Accordingly, a plaintiff must support his claims with sufficient factual allegations to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Garcia v. City of New York*, 2017 WL 1169640, *4 (S.D.N.Y. Mar. 28, 2017) (quoting *Iqbal*, 556 U.S. at 678). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Plaintiffs have not stated any allegations of wrongdoing against Defendant Burger Heaven located at 804 Lexington Avenue, New York, New York 10021, also known as 804 Lexington Avenue Restaurant. According to their Complaint, Plaintiffs worked at the Burger Heaven locations at 20 East 49th Street, New York, New York 10017, 536 Madison Avenue, New York, New York 10022, and 9 East 53rd Street, New York, New York 10022. Complaint ¶¶ 12-17. However, according to Plaintiffs' Complaint, none of the Plaintiffs were employees of the Burger Heaven located at 804 Lexington Avenue, New York, New York 10021 at any time. Plaintiffs' claims are wholly insufficient to meet the threshold required to state a cause of action. Plaintiffs' Complaint is not enough to entitle Plaintiffs to relief in this matter. Thus, any claims against Defendant 804 Lexington Avenue Restaurant and that claim must be dismissed.

## POINT III

## PLAINTIFF BERNARDO CABRERA'S CLAIMS ARE BARRED BY JUDICIAL ESTOPPEL

Plaintiff Bernardo Cabrera is a disgruntled former employee of Burger Heaven. After his termination in January 2017, Mr. Carbrera filed an action with the New York State Division of Human Rights alleging age discrimination. *See* Cyprus Affidavit at Exh. "C". Specifically, in that action, Mr. Cabrera was determined to be a part time worker (which is contradictory to his claim in this action) and that he was terminated not because of his age, but rather because the employer terminated both part-time delivery persons. *See id.* Moreover, in that action, Mr. Cabrera was found to be employed only as a delivery person wherein here, he alleges that he was also a dishwasher.

The United States Supreme Court has described the doctrine of judicial estoppel in the following terms:

> Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.

*New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (internal quotation marks, brackets, and citation omitted).

"[C]ourts have uniformly recognized" that the purpose of the doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment," and because judicial estoppel is designed "to prevent improper use of judicial machinery," it is "an equitable doctrine invoked by a court at its discretion." *Id.* at 749–50, 121 S.Ct. 1808(internal quotation marks omitted). Courts have also recognized "that the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *Id.* at 750, 121 S.Ct. 1808 (internal quotation

6

marks and brackets omitted); *see also Young v. U.S. Dep't of Justice*, 882 F.2d 633, 639 (2d Cir.1989) ("The circumstances under which the doctrine could be applied are far from clear.").

Nevertheless, in evaluating whether to apply the doctrine of judicial estoppel, courts generally look for the existence of three factors: (1) that a party's new position is "clearly inconsistent" with its earlier position, (2) that the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) that the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *See New Hampshire*, 532 U.S. at 750–51, 121 S.Ct. 1808. But the Supreme Court has made clear that these factors do not constitute "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," and that "[a]dditional considerations may inform the doctrine's application in specific factual contexts." *Id.* at 751, 121 S.Ct. 1808; *see also DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir.2010) (noting that "[t]ypically, judicial estoppel will apply if" these factors are present).

Here, Mr. Cabrera's new position is certainly inconsistent with his prior position before the New York State Division of Human Rights. Additionally, Mr. Cabrera participated in an investigation with the Division of Human Rights where he provided them with information in order to persuade them of his claim. Furthermore, if Mr. Cabrera's claims are not dismissed, Defendants will be greatly prejudiced in defending these new claims as discovery time and dollars will have to be spent to rebuff a claim that is clearly inconsistent with his previous position which Defendants have also had to spend time and money defending.

### POINT IV

### PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ARE SPECULATIVE AND INSUFFICIENT

The requirement that district courts must "accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor" does not apply to conclusory

allegations, legal conclusions or bare assertions. *Garcia*, 2017 WL 1169640, *4 (citing *Iqbal*, 556 U.S. at 678, 681). A complaint must be supported by sufficient facts to state a claim of relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Pleadings based upon information and belief are insufficient if the plaintiff does not point to any information that would render the statements anything more than conclusory assertions or speculative claims. *Williams v. Calderoni*, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012). A complaint that "tenders naked assertions devoid of further factual enhancement" is incapable of surviving a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Vague, limited, conclusory, and speculative" statements are "patently insufficient . . . to sustain a claim." *Noyer v. Viacom, Inc.*, 1998 WL 226172, *3 (S.D.N.Y. May 5, 1998).

Here, Plaintiffs have made speculative and insufficient claims that are incapable of surviving this motion to dismiss. According to Plaintiffs' complaint, the four individually named Defendants, Nicholas Cyprus, Evans Cyprus, Dimitri Dellis, and Marguerite Loucas, all have the same positions and power over each of the four restaurants, one of which has been closed for nearly seven years. Specifically, Plaintiffs allege that all four individual Defendants are the: (1) owners; (2) operators; (3) managers; (4) chairmen of the board; (5) chief executive officers; and (6) agents of all Burger Heaven locations. Complaint ¶¶ 20-24, 28-32, 36-40, 44-48, 54-58, 62-66, 70-74, 78-82, 88-92, 96-100, 104-108, 112-116, 122-126, 130-134, 138-142, 146-150, 156-160, 164-198, 172-176, 180-184. Further, Plaintiffs allege that all four individual Defendants have the power to make personnel and payroll decisions in all four Burger Heaven locations. Complaint ¶¶ 25-26, 33-34, 41-42, 49-50, 59-60, 67-68, 75-76, 83-84, 93-94, 101-102, 109-110, 117-118, 127-128, 135-136, 143-144, 151-152, 161-162, 169-170, 177-178, 185-186. Plaintiffs also claim that all four individual Defendants have the power to hire and fire employees as well as establish the employees' wages, set their work schedule, and maintain their employment records in all four Burger Heaven locations. Complaint ¶¶ 27, 35, 43, 51, 61, 69, 77, 85, 95, 103, 111, 119, 129, 137, 145, 153, 163, 171, 179, 187. Finally,

8

Plaintiffs contend that all four individual Defendants were employers of all Plaintiffs in the class at all relevant times in all four Burger Heaven locations. Complaint ¶¶ 188-191.

Plaintiffs' allegations are speculative in nature because it is not possible that all four individual Defendants could all have all of the named positions and powers over the four Burger Heaven locations. Additionally, Plaintiffs have not provided any evidence supporting these claims and the claims are merely speculative assertions. Because such allegations are speculative and unfounded, Plaintiffs' claims must be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, the Defendants respectfully request that Plaintiffs' Complaint be partially dismissed with prejudice.

Dated: Garden City, New York
       June 4, 2018

CULLEN AND DYKMAN LLP

By:   /S/
Cynthia A. Augello (CA3839)
Attorneys for Defendant
20 E 49 Restaurant Inc. d/b/a Burger Heaven, Evnick, Inc. d/b/a Burger Heaven, Madison 55th Restaurant, Inc. d/b/a Burger Heaven, 804 Lexington Avenue Restaurant Inc. d/b/a Burger Heaven, 9 E 53 Restaurant Inc. d/b/a Burger Heaven, and Nicholas Cyprus, Evans Cyprus, Dimitri Dellis, and Marguerite Loucas, as individuals,
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700