```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                     :
JOSE LUIS GORDILLO *individually and on*             :
*behalf of all others similarly situated*, ET        :
AL.,                                                 :
                                                     :          17-CV-8460 (VSB)
                                        Plaintiffs,  :
                                                     :          **OPINION & ORDER**
                - against -                          :
                                                     :
                                                     :
20 E 49 RESTAURANT, INC. *d/b/a*                     :
BURGER HEAVEN, ET AL.,                               :
                                                     :
                                        Defendants.  :
                                                     :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/14/2019

<u>Appearances</u>:

James Patrick Peter O'Donnel
Helen F. Dalton
Helen F. Dalton & Associates, P.C.
Forest Hills, NY
*Counsel for Plaintiffs*

Cynthia A. Augello
Law Offices of Cynthia A. Augello, P.C.
East Islip, New York

Cecilia Rose Ehresman
Cullen and Dykman, LLP (Nassau)
Garden City, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

Plaintiffs Jose Luis Gordillo, Felix Santos, Juan Cote Leon, Jorge Galvez Sierra, Bernardo Cabrera, and Jose Canto Gomez (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this suit pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL"), against Defendants 20

E 49 Restaurant, Inc. *d/b/a* Burger Heaven, Evnick, Inc. *d/b/a* Burger Heaven, Madison 55th Restaurant, Inc. *d/b/a* Burger Heaven, 804 Lexington Avenue Restaurant, Inc. *d/b/a* Burger Heaven, 9 E 53rd Restaurant Inc. *d/b/a* Burger Heaven (collectively, the "Defendant Restaurants"), Nicholas Cyprus, Evans Cyprus, Dimitri Dellis, and Marguerite Loucas (collectively, the "Individual Defendants," and all Defendants are collectively referred to as "Defendants"), alleging that Defendants failed to pay Plaintiffs the minimum and overtime wages to which they were entitled, and failed to provide Plaintiffs with a written notice in English and Spanish of their rate of pay, regular pay day, and other required information.

Before me is Defendants' partial motion to dismiss Plaintiffs' Amended Complaint[1] under Federal Rule of Civil Procedure 12(b)(6). Because (1) Plaintiffs stipulate that Defendant Madison 55th Restaurant, Inc. has been closed since 2011, Defendants' motion to dismiss Defendant Madison 55th Restaurant, Inc. is GRANTED with prejudice; (2) Plaintiffs fail to plead facts that plausibly allege the liability against Defendant 804 Lexington and the Individual Defendants, Defendants' motion with regard to those Defendants is GRANTED without prejudice; and (3) Defendants fail to demonstrate that the claims of Plaintiff Cabrera are barred by judicial estoppel, Defendants' motion to dismiss the claims of Plaintiff Cabrera is DENIED. Therefore, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

---

[1] Defendants' motion does not specify which complaint it moves to dismiss, and Defendants' memorandum refers only to the "Complaint." (*See* Doc. 25.) Because Defendants' memorandum refers to paragraph numbers that do not exist in the complaint filed on November 2, 2017, (*see* Doc. 25, at 2 (citing "Complaint ¶¶ 198, 204, 209, 219, 224); *see also* Doc. 1 (including only 122 paragraphs)), I construe Defendants' motion as a motion to dismiss the Amended Complaint, (Doc. 22), and I construe each of Defendants' citations to "Complaint" as a citation to the Amended Complaint.

I.     **Background**[2]

Plaintiffs are six former employees of the Defendant Restaurants, who worked in various positions, such as delivery people, food preparers, kitchen workers, dishwashers, and cleaners. (Am. Compl. ¶¶ 2–6.)[3] Defendant Restaurants are various restaurants operating under the name "Burger Heaven," which are owned and operated by the Individual Defendants. (*Id.* ¶ 1.) During the period from 2009 to 2017, Defendants failed to pay Plaintiffs minimum wage in the various positions they worked. For example, Plaintiff Sierra worked sixty hours per week at Defendant 20 E 49 Restaurant, Inc. from 2007 until May 2017, and he was paid a weekly wage of between $380 and $420 during that time. (*Id.* ¶¶ 214–16.) Plaintiff Gomez worked approximately forty-eight hours per week between two different locations from 2009 until July 2013, and he was paid about $400 per week. (*Id.* ¶¶ 219–21.) Defendants employed at least seventy-five employees during the last three years, and suffered or permitted them all to work under similar conditions. (*Id.* ¶¶ 233–37.)

II.    **Procedural History**

Plaintiff initiated the instant action by filing the Collective Action Complaint. (Doc. 1.) On November 29, 2017, Defendants filed their Answer to the Collective Action Complaint. (Doc. 10.) On May 3, 2018, Plaintiffs filed a letter notifying me that Defendants had accepted

---

[2] The following factual summary is drawn from the allegations of Plaintiffs' Amended Complaint, filed on May 7, 2018, (Doc. 22), which I assume to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

In support of their motion, Defendants submitted an affidavit, which included three exhibits. (Doc. 24.) Plaintiffs argue that the affidavit was improperly submitted, and that if I elect to consider it, I should convert the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 28, at 5.) Because my findings are all based on documents properly considered on a motion to dismiss, I elect not to convert the motion, and to consider it as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

[3] "Am. Compl." refers to the Amended Class Action/Collective Action Complaint, dated May 7, 2018 ("Amended Complaint"). (Doc. 22.)

service of an amended complaint, (Doc. 20), and I subsequently instructed Plaintiffs to file the amended complaint on the docket, (Doc. 21).  On May 7, 2018, Plaintiffs filed the Amended Complaint.  (Doc. 22.)  On June 4, 2018, Defendants filed the instant partial motion to dismiss, (Doc. 23), an affidavit with three exhibits, and memorandum in support of the motion, (Docs. 24–25).  Plaintiffs filed their opposition and several affidavits in support on July 20, 2018, (Doc. 28), and Defendants filed their reply on August 6, 2018, (Doc. 29).

### III. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Plausibility . . . depends on a host of considerations:  the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237.  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Although all

4

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

IV. **Discussion**

A. *Claims Against Madison 55th Restaurant*

Defendants move to dismiss the claims against Defendant Madison 55th Restaurant, Inc. as time barred by the FLSA's statute of limitations because the restaurant has been closed and out of business since August 19, 2011. (Defs.' Mem. 4–5.)[4] Plaintiffs concede this point and stipulate to Madison 55th Restaurant, Inc.'s dismissal from the case. (Pls.' Opp. 2.)[5]

Accordingly, Defendants' partial motion to dismiss all claims against Madison 55th Restaurant, Inc. is granted.

B. *Claims Against Defendant 804 Lexington Avenue Restaurant and the Individual Defendants*

Defendants argue that Plaintiffs' claims against Defendant 804 Lexington Avenue Restaurant ("804 Lexington") should be dismissed because Plaintiffs did not allege that "any individual worked at [804 Lexington] at any time." (Defs.' Mem. 5.) Plaintiffs concede that none of the Plaintiffs allege to have worked at 804 Lexington, but argue that the restaurant may still be liable under a single-employer theory of liability. (Pls.' Opp. 6–8.) To determine whether multiple defendants operate as a single employer, courts consider the following factors: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *See Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091(ER), 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013)

---

[4] "Defs.' Mem." refers to the Memorandum of Law in Support of Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dated June 4, 2018. (Doc. 25.)

[5] "Pls.' Opp." refers to the Memorandum of Law in Opposition of Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dated July 20, 2018. (Doc. 28.)

(citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995)).

Plaintiffs argue that the facts alleged in the Amended Complaint are sufficient to demonstrate that Defendants operated as a single employer because they establish that all Defendant Restaurants are located in the same city, they share the same business name, and they share "the same pay practices and the same Individual Defendants owned, operated and controlled all [Defendant Restaurants], including [804 Lexington]." (*See* Pls.' Opp. 7.) As an initial matter, Plaintiffs cite no authority for the proposition that a shared name and city is persuasive evidence that Defendant Restaurants can be considered a single employer. Such evidence alone is clearly insufficient since a contrary result would lead to a finding that any chain of restaurants that is located in the same geographic area operates as a single employer. Further, Plaintiffs do not identify the part of the Amended Complaint that alleges that the various Defendant Restaurants share the same pay practices. Although the Amended Complaint generally alleges that all Defendant Restaurants fail to pay minimum and overtime wages, (*see* Am. Compl. ¶¶ 231–39), it otherwise does not allege with any specificity a single unlawful policy or practice that was present at each of Defendant Restaurants.

Finally, Plaintiffs cannot rely on the conclusory allegations made against the Individual Defendants to establish either that the Defendant Restaurants constituted a single employer or that the Individual Defendants qualify as "employers" for the purposes of the FLSA. Plaintiffs allege that each of the Individual Defendants was the Chairman of the Board, Chief Executive Officer, owner, manager, and agent of each and every one of the Defendant Restaurants, and that each of them had power over personnel and payroll decisions, the power to hire and fire employees, and the power to establish and pay wages, set work schedules, and maintain employment records at each and every one of the Defendant Restaurants. (*See* Am. Compl. ¶¶

6

20–119.) Other than the conclusory allegations made against the Individual Defendants, Plaintiffs do not point to any other evidence to support their assertions that the Individual Defendants held these multiple corporate and executive positions in each of Defendant Restaurants.

It is certainly plausible that an individual or a group may have multiple employers for the purposes of the FLSA. *See Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 204–05 (S.D.N.Y. 2014) ("An individual may simultaneously have multiple 'employers' for the purposes of the FLSA."). However, considering the facts alleged in the Amended Complaint, it is completely implausible that each of the Individual Defendants is the Chairman of the Board and Chief Executive Officer of each of the Defendant Restaurants, as alleged in the Amended Complaint. (*See, e.g.*, Am. Compl. ¶¶ 22–23, 30–31, 38–39, 46–47 (alleging that each Individual Defendant is the Chairman of the Board and Chief Executive Officer of Defendant 20 E 49 Restaurant Inc.).) Moreover, the allegations against the Individual Defendants are nothing more than "conclusory statements." *See Aqua Creations USA Inc. v. Hilton Worldwide, Inc.*, 487 F. App'x 627, 628 (2d Cir. 2012) (summary order) (citing *Iqbal*, 556 U.S. at 678). Each set of allegations against an Individual Defendant is an identical and impermissible "rote recital of recognized factors." *Flemming v. REM Conn. Cmty. Servs., Inc.*, No. 3:11cv689 (JBA), 2012 WL 6681862, at *3 (D. Conn. Dec. 21, 2012). Plaintiffs make each of these boilerplate allegations upon "information and belief," but they otherwise "point[ ] to no 'information' that will render these statements any more than a speculative claim." *Williams v. Calderoni*, No. 11 Civ. 3020(CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012), *aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013). In fact, no Individual Defendant is even mentioned in the Amended Complaint other than in these conclusory statements.

Accordingly, Defendants' motion to dismiss the claims against 804 Lexington and the Individual Defendants is granted without prejudice. Despite the wholly insufficient allegations in the Amended Complaint, I will grant Plaintiffs a final opportunity to amend their complaint with sufficient factual allegations to take their claims against Defendant 804 Lexington Avenue Restaurant and the Individual Defendants across "the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### C. *Plaintiff Cabrera's Claims*

Defendants argue that Plaintiff Cabrera should be barred by judicial estoppel from bringing his claims because they are inconsistent with claims he made in an action filed with the New York State Division of Human Rights involving age discrimination. (Defs.' Mem. 6.) In support of this argument, Defendants urge me to consider an affidavit submitted by Defendant Nicholas Cyprus and an exhibit attached thereto, which Defendants claim is a copy of the New York State Division of Human Rights Determination after Investigation ("Human Rights Decision" or "Decision"). (*Id.* at 6–7; *see also* Cyprus Aff. ¶¶ 9–10.)[6]

Typically, on a motion to dismiss, courts only consider "the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks omitted). However, courts may also "look to public records, including complaints filed in state court, in deciding a motion to dismiss." *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). Defendants make no attempt to

---

[6] "Cyprus Aff." refers to the Affidavit in Support of Defendants' Partial Motion to Dismiss, dated June 4, 2018. (Doc. 24.)

8

demonstrate that the Human Rights Decision is the type of document that I may consider on a motion to dismiss.[7] (*See* Defs.' Mem. 6–7.) If it is not, and I elect to consider the document, I am obligated to "convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988). I need not make this determination, however, because even assuming, arguendo, that I may appropriately consider the Human Rights Decision on a motion to dismiss, it does not establish sufficient grounds to bar Plaintiff Cabrera's claims.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (internal quotation marks omitted). Although "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *id.* at 750 (internal quotation marks omitted), courts generally look for each of three factors: "(1) that a party's new position is clearly inconsistent with its earlier position, (2) that the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) that the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped," *Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012) (summary order) (internal quotation marks omitted).

Here, Defendants claim that the Human Rights Decision "determined [Plaintiff Cabrera]

---

[7] Defendants do make such an argument in their reply brief, (s*ee* Defs.' Reply 4–5), but I decline to consider that argument because Plaintiffs did not have an opportunity to respond to it. *See Keefe v. Shalala,* 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) (stating that normally the court "will not consider arguments raised for the first time in a reply brief"). "Defs.' Reply" refers to the Memorandum of Law in Further Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dated August 6, 2018. (Doc. 29.)

9

to be a part time worker" and they claim that such a finding "is contradictory to his claim in this action," although they do not identify any particular part of the claim that they deem to be contradictory.  (*See* Defs.' Mem. 6.)  They also claim that the Decision found that Plaintiff Cabrera was employed as "a delivery person wherein here, he alleges that he was also a dishwasher."  (*Id.*)

The only "position" I can glean Plaintiff Cabrera to have taken with regard to the Decision is that he had been discriminated against on the basis of his age.  (*See* Cyprus Aff. Ex. C.)  Although the Decision assumes that he was a part-time worker and that he was a delivery person, it is impossible to tell from that document that he took those positions or advocated for them in an effort to "persuade[] a court to accept [them]."  (*See id.*; *see also Intellivision*, 484 F. App'x at 619.)  Furthermore, the Decision made no explicit findings as to the actual number of hours worked or job duties performed by Plaintiff Cabrera.  The fact that his employer may have labeled him a "part-time worker" does not preclude the possibility that he worked more than forty hours per week, and the fact his employer may have labeled him a "delivery person" does not preclude the possibility that he performed multiple job duties.

Accordingly, I find that the doctrine of judicial estoppel does not apply, and Defendants' motion to dismiss Plaintiff Cabrera's claims is denied.

V.     **Conclusion**

Because Plaintiffs stipulate that Defendant Madison 55th Restaurant, Inc. has been closed since 2011, Defendants' motion to dismiss Defendant Madison 55th Restaurant, Inc. from the case is GRANTED and all claims against Defendant Madison 55th Restaurant are dismissed with prejudice.  Because Plaintiffs have failed to plead facts that plausibly allege the liability of Defendant 804 Lexington and the Individual Defendants, all claims against those Defendants are

10

dismissed without prejudice. Plaintiffs may file a second amended complaint no later than thirty (30) days after the entry of this Opinion & Order. It is unlikely that Plaintiffs will have another opportunity to amend the complaint. If Plaintiffs do not file a second amended complaint, the remaining Defendants shall file an answer to the Amended Complaint no later than forty-five (45) days after the entry of this Opinion & Order. Defendants' motion to dismiss all claims against Plaintiff Cabrera is DENIED.

The Clerk of Court is respectfully directed to terminate the open motion and to terminate Defendant Madison 55th Restaurant from the case.

SO ORDERED.

Dated: March 14, 2019
      New York, New York

*Vernon S. Broderick*
United States District Judge