# EXHIBIT 1
## {Settlement Agreement}

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JOSE LUIS GORDILLO, FELIX SANTOS, JUAN COTE LEON, JORGE GALVEZ SIERRA, JOSE CANTO GOMEZ, and BERNARDO CABRERA individually and on behalf of all others similarly situated,

**17-CV-8460 (SN)**

**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs,

-against-

20 E 49 RESTAURANT INC. d/b/a BURGER HEAVEN, EVNICK, INC. d/b/a BURGER HEAVEN, 9 E 53 RESTAURANT INC. d/b/a BURGER HEAVEN, and NICHOLAS CYPRUS, EVANS CYPRUS, DIMITRI DELLIS, and MARGUERITE LOUCAS, as individuals,

Defendants.

-----------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Defendants 9 E 53 Restaurant Inc. d/b/a Burger Heaven, Nicholas Cyprus, Evans Cyprus, Dimitri Dellis, and Marguerite Loucas, (collectively, "Defendants") and Plaintiffs, individually and on behalf of a Class they represent in the above-captioned matter and as hereinafter defined (collectively "Parties").

## RECITALS AND BACKGROUND

WHEREAS, Plaintiffs filed a Second Amended Class Action/Collective Action Complaint against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York state wage and hour law ("NYLL") for the alleged failure to pay proper overtime compensation on or about April 10, 2019 in the United States District Court for the Southern District of New York and bearing the Civil Action Number 17-CV-8460 (the "Litigation");

2

WHEREAS, the Parties have engaged in and completed extensive discovery during the course of the Litigation in connection with the potential settlement of this matter;

WHEREAS, Class Counsel and Defendants participated in a mediation session on September 19, 2019, which was conducted by Martin Scheinman, Esq., an experienced and well-known mediator who has successfully negotiated settlements in similar wage and hour actions against New York City restaurants;

WHEREAS, the Parties reached two separate settlements on September 19, 2019, including a separate settlement agreement for the Named Plaintiffs in this matter, who worked at 20 E. 49 Restaurant, Inc. d/b/a Burger Heaven, which has been submitted to this Court for approval;

WHEREAS, the Parties also reached a settlement agreement on a class action basis for employees, including all opt-in Plaintiffs, who were employed at 9 E 53 Restaurant Inc. d/b/a Burger Heaven for the period of six years preceding the filing of the initial Complaint on November 2, 2017 through the date of the Final Approval Order;

WHEREAS, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Parties' dispute on the terms and conditions set forth in this Agreement, to avoid the burden, expenses and uncertainty of continued litigation;

WHEREAS, the purpose of this Agreement is to settle fully and formally all Released Claims between the Settlement Class Members and Defendants, including all claims asserted in the Litigation;

WHEREAS, Defendants deny all of the allegations made by Named Plaintiffs in the litigation, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on the Class based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Class.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth" in this Agreement, as well as the good and valuable consideration provided for herein the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.   **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1**    **Agreement.** "Agreement" means this Settlement Agreement and Release.

**1.2**    **Claim Form.** "Claim Form" shall mean the form, a copy of which is attached hereto as Exhibit A and will be attached to the Notice, that each Settlement Class Member must sign and submit, in order to receive a Settlement Payment.

**1.3**    **Claim Form Deadline.** "Claim Form Deadline" means the date sixty (60) Days after Notice is mailed to Settlement Class Members, by which a Settlement Class Member is required to return the Claim Form in order to receive a Settlement Payment. To be timely, a Claim Form must be post-marked by the Claim Form Deadline – but Defendants may waive expiration of the deadline and accept a late Claim Form in its discretion. If a late Claim Form is accepted in this manner, such Claim Form shall be deemed timely for all purposes.

**1.4**    **Claims Administrator.** "Claims Administrator" means Arden Claims Services, Inc., a third-party claims administration mutually agreed upon by the Parties, which will perform all of the administrative duties and issue all of the Notices required by this Agreement.

**1.5**    **Class Counsel.** "Class Counsel" or "Plaintiffs' Counsel" shall mean Roman Avshalumov and James O'Donnell of Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

**1.6**    **Class Counsel's Fee and Cost Award.** "Class Counsel's Fee and Cost Award" shall mean the total amount of Class Counsel's attorneys' fees, costs, and expenses approved by the Court upon application by Class Counsel pursuant to Section 10.5.

**1.7**    **Court.** "Court" means the United States District Court for the Southern District of New York, the Honorable United States Judge Sarah Netburn presiding.

**1.8**    **Defendants' Counsel.** "Defendants' Counsel" shall mean Hoffmann & Associates, 450 7th Avenue, Suite 1400, New York, New York 10123.

**1.9**    **Final Approval Order.** "Final Approval Order" means the Order entered by the Court, approving the terms and conditions of this Agreement, distribution of the Settlement Checks and any Service Awards, professional fees, and costs, and Dismissal of the Litigation with prejudice.

**1.10**   **Final Effective Date.** "Final Effective Date" shall be thirty (30) days after the Court has entered a Final Approval Order approving this settlement and the Court has entered the judgment as provided in Section 2.7, if no notice of appeal has been filed.

**1.11**   **Individual Settlement Allocation.** "Individual Settlement Allocation" shall mean the amount payable to each Collective Class Member pursuant to Section 3.4 of this Agreement.

**1.12    Notice.** "Notice" means the Court-approved Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing, in the form attached hereto as Exhibit ___, as well as any further notice approved by the Court and issued pursuant to the Settlement.

**1.13    Objector.** "Objector" means a Settlement Class Member who files an objection to this Settlement and/or Agreement which meets the criteria below. Individuals who opt-out of this Agreement do not have standing to object.

**1.14    Opt-Out Period**. "Opt-Out Period" is defined in Section 7.1.

**1.15    Qualified Settlement Fund ("QSF").** QSF means the qualified settlement fund account established by the Claims Administrator to make disbursements required by this Agreement. The QSF will be funded as provided below. The QSF will be controlled by the Claims Administrator subject to the terms of this Agreement and the Court's Final Approval Order.

**1.15    Released Claims.** "Released Claims" shall collectively mean any and all claims for any and all types of relief under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"), and all other federal, state, or local laws governing wages, compensation, and hours worked, including without limitation, claims for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to provide meal and rest periods, failure to timely pay final wages, failure to reimburse for expenses, failure to furnish accurate wage statements, wages notices and other notices, and any and all claims for recovery of compensation, overtime pay, minimum wage, interest or penalties tied to such claims, that were or which could have been asserted in the Action by any Settlement Class Member and that arose or accrued at any time prior to the entry of the Final Approval Order.

**1.16.    Settlement Fund.** The "Settlement Fund" refers to One Million and Two Hundred Thousand Dollars ($1,200,000.00) and shall mean the maximum aggregate amount defendants have agreed to pay pursuant to this Agreement to fully resolve and satisfy any and all claims released and dismissed here under and includes any and all Court-approved attorneys' fees, costs and expenses, and Settlement Payment to each of the Settlement Class Members. Under no circumstances shall the Settlement Fund exceed One Million and Two Hundred Thousand Dollars ($1,200,000.00).

1.17    **Settlement Class and Settlement Class Members.** "Settlement Class" and "Settlement Class Members" mean any person who was a non-managerial employee of 9 E 53 Restaurant Inc. d/b/a Burger Heaven from the date that is six years preceding the filing of the initial Complaint on November 2, 2017 through the date of the Final Approval Order. Each individual meeting the definition of the Settlement Class is a "Settlement Class Member."

**1.19.    Settlement Checks.** "Settlement Checks" means checks issued to Settlement Class Members by the Claims Administrator pursuant to and calculated in accordance with this Agreement.

## 2.      BENEFITS OF THE SETTLEMENT

2.1    Class Counsel believes that the claims asserted in this Action have merit and that evidence exchanged in this action supports the claims of the Settlement Class Members. Class Counsel have thoroughly and meticulously analyzed the merits of such claims by carefully reviewing hundreds of pages of time and pay records and conducting interviews with over twenty-five former employees of Defendants.

2.2    Based upon the work and analysis performed by Class Counsel, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Settlement Class. Class Counsel has considers factors including: (i) the expenses and length of time needed to prosecute the Action, including outstanding discovery, trials, and potential appeals; (ii) the uncertain outcome and the risk of litigation, including the possibility that if the action is not settled now, it might not result in any recovery or might result in a less favorable recovery; (iii) the delays in all litigation including that any recovery might not occur for several years; and (iv) the risk that this matter might not be certified on a class basis.

## 3.      PRELIMINARY APPROVAL OF THE SETTLEMENT

3.1    Class Counsel shall file a Motion for an Order Preliminarily Approving the Class and Collective Action Settlement and Conditionally Certifying a Class for Settlement Purposes Only within a reasonable time after the execution of this Agreement and/or by deadlines specified by the Court. A substantively final draft of the Preliminary Approval Motion will be provided to Defendants for review at least seven (7) days prior to the filing with the Court for Defendants' review. The parties will work in good faith to resolve any issues pertaining to the Preliminary Approval Motion. Provided the Preliminary Approval Motion is consistent with the terms of this Agreement, Defendants shall not oppose the Preliminary Approval Motion.

## 4.      THE SETTLEMENT CLAIMS ADMINISTRATOR

4.1    **Retention of the Settlement Claims Administrator.** Subject to Court approval, the parties have agreed to retain Arden Claims Services, Inc. as the Claims Administrator to handle the implementation and administration of this Agreement, including the issuance of the Notice.

4.2    **Duties of the Claims Administrator.** The duties of the Claims Administrator will be to:

a. issue the Notice to Settlement Class Members;

b. respond to Settlement Class Member inquiries, although those seeking legal advice regarding the Settlement shall be referred to Class Counsel;

c. advise Settlement Class Members of defective or incomplete Claims Forms and the deadline to submit corrected/supplemental information, to the extent permitted by the Agreement;

d. distribute Settlement Payments; and

e. issue payment of the Class Counsel's Fee and Cost Award (on the timeline specified);

4.3     The parties agree that Arden Claims Services shall be paid a total not to exceed $30,000.00 for performing the above services and this amount shall be deducted by the Claims Administrator at the time that Defendants fund the QSF.

4.4     Defendants and Class Counsel agree to reasonably cooperate with the Claims Administrator.


## 5.     CREATION OF THE QUALIFIED SETTLEMENT FUND

5.1     The Parties agree to the creation of a QSF and that the QSF is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treas. Reg. §1.468B-1, 26 CFR §1.468B-1 and will be administered by the Claims Administrator as such.

5.2     With respect to the QSF, the Claims Administrator shall: (A) withhold, remit and report each Settlement Class Member's share of applicable payroll taxes, and indemnify Defendant for any fees, costs, interest, or penalties arising out of any error or incorrect calculation of the same, (B) calculate and remit the Employer Payroll Taxes due on account of the Settlement Payments; (C) satisfy all federal, state, and local income and other tax reporting, return and filing requirements with respect to the QSF. The fees, expenses and costs incurred in connection with the opening and administration of the QSF and the performance of the Claims Administrators' duties and functions as described in this Agreement will be paid by the Settlement out of the QSF.


## 6.     CLASS NOTICE PROCESS

6.1     Within ten (10) days of entry of the Preliminary Approval Order, Defendant shall provide the Class Counsel, in electronic form, a list of all class members, with all known contact information, which shall also include the employment/payroll data needed to calculate the Settlement Payment for each individual listed therein.

6.2     Class Counsel shall determine how much each individual is owed and provide their determinations to Defendants in order to allow Defendants to review the calculations. If there is a dispute over how much each individual is owed, the parties will work in good faith to resolve such issue. Once finalized, the parties shall provide the final projected calculations to the Claims Administrator.

6.3     Individual Settlement Payments are computed as follows: (1) divide the number of workweeks worked by each Collective Class Member during the relevant time period (i.e. November 2, 2011 through and including _____) as reflected by the time and pay records provided by Defendants' counsel, by the total number of workweeks worked (employees

who worked less than one workweek in total, will receive credit for one workweek) by all Class Members during the relevant time period, to determine each Class Member's percentage share of the Settlement Fund after any Court-approved attorneys' fees and expenses, and Claims Administrator's fees have been deducted ("Funds Available"); (2) multiply each Collective Class Member's percentage share times the Funds Available to compute the Collective Class Member's "Individual Settlement Allocation." The Individual Settlement Allocations shall be made in accordance with the dates of employment set forth in the time and pay records provided by Defendants' counsel.

6.4    Within ten (10) days of receiving the final projected calculations, as provided in Section 6.2, the Claims Administrator will mail all Settlement Class Members listed on the class list for whom a postal mailing address is available via First Class United States Mail, postage prepaid, the Court-approved Notice and Claim Form. A pre-addressed return envelope will be included with the First Class United States Mail. For the individuals who have opted into this action at the time of mailing, a copy of the mailing will be sent to Class Counsel.

6.5    Notice returned undeliverable shall be handled as follows:

a. In the event that subsequent to the first mailing of the Notice and prior to the Claim Form Deadline, one of more Notices are returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the Notice to that address within seven (7) days of receipt of the returned Notice, and the class list shall be updated with the new address for that Settlement Class Member.

b. In the event that subsequent to the first mailing of the Notice and prior to the Claim Form Deadline, one of more Notices are returned to the Claims Administrator by the United States Postal Service without a forwarding address for the recipient, the Claims Administrator shall run an industry-standard "skip trace" on such addresses and shall re-mail the Notice to any updated mailing address it procures within seven (7) days of receipt of the updated address information, and the class list shall be updated with the new address for that Settlement Class Member.

## 7.    **OPT-OUT AND OBJECTING PROCESS**

**7.1    Opting out of the Settlement.** Individuals who otherwise qualify as Settlement Class Members may opt-out of the Settlement by following the procedures set forth below:

a. Any individual, who otherwise meets the definition of a Settlement Class Member, wishing to opt-out of the Settlement as set forth in this Agreement must mail via First Class United States Mail (postage prepaid) a written, signed statement to the Claims Administrator that: (i) states he or she is opting out of the Settlement; (ii) includes his or her name, address, and telephone number; and (iii) unconditionally states an intention to opt-out ("Opt-Out Statement").

b. To be effective, an Opt-Out Statement must be postmarked sixty (60) days of the initial mailing of the Notice to Settlement Class Members ("Opt-Out Period"). The Opt-Out Period is the same for all Settlement Class Members. It shall not be extended as a result of any individual

Notice being undeliverable. It is the responsibility of the individual seeking to opt-out to retain a copy of the Opt-Out Statement and proof of timely mailing.

c. Any person who meets the definition of the Settlement Class who does not submit a valid and timely Opt-Out Statement pursuant to this Agreement shall be bound by the Settlement and the terms of this Agreement for all purposes. In the event of a future dispute regarding the timeliness or sufficiency of an Opt-Out Statement, the Court shall retain jurisdiction to determine whether the Opt-Out Statement at issue is binding and effective.

**7.2     Objecting to the Settlement.**

a. Persons who meet the Settlement Class definition and do not opt-out of the Settlement may object to the Settlement (each, an "Objector").

b. Objectors are encouraged to submit their objection in writing. Written objections should be mailed or otherwise delivered to the Claims Administrator no more than thirty (30) days after the date on which the Notice is postmarked. Untimely objections may not be considered by the Court. The written objection should include words clearly stating an objection to the Settlement and the reasons for the objection. Any reasons not included in the written objection may not be considered by the Court.

c. The Claims Administrator shall file any and all objections with the Court at least ten (10) days prior to the Fairness Hearing.

d. It is the responsibility of the Objector to retain a copy of the objection and proof of timely mailing.

e. Objectors who submit a timely and valid written objection shall have the right to appear at the Fairness Hearing either in period or through counsel hired by the Objector, provided they provide written notice of their intention to appear at least ten (10) days prior to the Fairness Hearing. Objectors who do not provide timely written notice may be heard at the Fairness Hearing in the Court's discretion.

f. An Objector may withdraw his or her objection(s) at any time.

g. The parties may file written responses to any filed objection no later than the deadline specified by the Court.

**8.     CLAIM FORM SUBMISSION**

8.1     Individuals who meet the Settlement Class definition who do not opt-out of the Settlement pursuant to Section 7 may obtain a Settlement Payment by submitting a timely and valid Claim Form as described in this Agreement (each, a Participating Claimant). Only Participating Claimants shall be entitled to a payment pursuant to this Agreement.

8.2     Settlement Class Members who wish to obtain a Settlement Payment must certify their entitlement to payment by: (a) completing and signing a Claim Form, and (B) mailing the executed Claim Form to the Claims Administrator by the Claim Form Deadline.

8.3     If the Claim Form is not postmarked or received by the Claims Administrator on or before the Claim Form Deadline, then that Settlement Class Member will be deemed to have forever waived his or her right to receive any payment under this Settlement. The Settlement Class Member, however, shall still be a member of the Settlement Class and bound by the Final Approval Order, including all of the releases specified therein and in this Agreement.

8.4     The Claims Administrator shall provide an initial report within fifteen (15) days of the expiration of the Final Claim Form Deadline, including a list of all individuals who have submitted Claim Forms, who have not submitted Claim Forms, and who have submitted an Opt-Out Statement.

## 9.      **FINAL APPROVAL OF SETTLEMENT**

9.1     No later than ten (10) days before the Fairness Hearing, Class Counsel will file their Motion for Final Approval.

9.2     At the Fairness Hearing and through the Motion for Final Approval, the Court will be jointly requested to, among other things: (A) certify the Settlement Class pursuant to FRCP Rule 23 for purposes of settlement only, (B) certify an FLSA opt-in collective action for purposes of settlement only, (C) enter the Final Approval Order, (D) approve the Settlement and Agreement as final, fair, reasonable, and adequate, (E) approve the appointment of Class Counsel as counsel for the Settlement Class; (F) order Defendants to fund the QSF as set forth herein, and (G) authorize the distribution of the Settlement Payments on the timeline specified herein, and (H) approve Class Counsel's Fee and Cost Award.

## 10.     **FINANCIAL TERMS AND PROCEDURES**

10.1     **Timing of Required Payments.** Within ten (10) days after the end of the Opt-Out Period, the Claims Administrator will advise Defendants as to the amount that Defendants must pay to the Settlement Fund, including the Reserve Fund. Within ten (10) days of being notified by the Claims Administrator of the amount of the Settlement Fund and Reserve Fund, Defendants must provide full payment to the Claims Administrator for distribution to the Settlement Class. Within ten (10) days of the funding of the QSF, the Claims Administrator shall issue a check for Class Counsel's Fee and Cost Award to Class Counsel.

10.2     **Calculation of Settlement Amount.** The Final Settlement Amount is variable and will depend upon the number of Participating Claimants. Defendants' maximum funding commitment is One Million and Two Hundred Thousand Dollars and No Cents ($1,200,000.00). The exact amount will not be known until all Claim Forms are submitted and Class Counsel's Fee and Cost Award is approved by the Court.

**10.3   Reserve Fund.** The Claims Administrator shall set aside Ten Thousand Dollars and No Cents ($10,000.00) of the QSF to resolve any errors or omissions in the payment of Settlement Payments and/or for the payment of any late claims which this Agreement allows, or upon with the Parties have agreed, or that the Court determines should be paid. Any amount remaining in the Reserve Fund one year after the final distribution of the Settlement Payments will be returned to Defendants.

**10.4   Class Counsel's Fees and Cost Award**

A. At the Fairness Hearing, and as part of the Motion for Final Approval, Class Counsel will petition the Court, with the consent of Defendants, for an award of attorneys' fees in an amount not to exceed Four Hundred Thousand Dollars and No Cents ($400,000.00). Class Counsel intend to seek the full amount in their application, and within these parameters, Class Counsel's Fee and Cost Award will be paid out of the QSF. After depositing the Final Settlement Amount into the QSF, Defendants shall have no other liability for Class Counsel's attorneys' fees, expenses and costs for the claims released herein.

B. Class Counsel's application for an award of fees, costs and expenses is to considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement of the Action. Class Counsel may appeal the Court's determination with respect to their application for attorneys' fees and expenses, which shall not be opposed by Defendants if consistent with the terms of this Agreement.

C. Within ten (10) days of the funding of the QSF, the Claims Administrator shall issue a check for Class Counsel's Fee and Cost Award to Class Counsel.

**10.5   Distribution of Settlement Payments**

a.      Upon the Final Effective Date and subject to the timing provisions set forth herein, Participating Claimants will be issued a Settlement Payment (less appropriate withholdings, as specified herein), by check, from the QSF in accordance with the terms of this Agreement and Final Approval Order.

b.      Within ten (10) days of the funding of the QSF by Defendants, the Claims Administrator shall mail the Settlement Payments to the Participating Claimants at the most up to date address on file with the Claims Administrator.

**10.6   Calculation of Settlement Payments. Final Settlement Payments will be calculated as follows:**

a. Settlement Amount: $1,200,000.00

b. Less the amount of Class Counsel's Fee and Cost Award, as awarded by the Court. For purposes of calculating the Settlement Payments, it will be assumed that the full amount of Class Counsel's fee application will be granted, up to $400,000.00.

c. Less the amount payable to the Claim Administrator. For purposes of calculating the Settlement Payments, it will be assumed that the full agreed-upon amount of Class Administrator's fees of $30,000.00 will be paid out of the QSF.

d. Less the reserve fund of $10,000.00.

e. Less employer payroll taxes.

f. Equals the "Funds Available."

g. Individual Settlement Payments are computed as follows: (1) divide the number of workweeks worked by each Collective Class Member during the relevant time period (i.e. November 2, 2011 through and including _____) as reflected by the time and pay records provided by Defendants' counsel, by the total number of workweeks worked (employees who worked less than one workweek in total, will receive credit for one workweek) by all Class Members during the relevant time period, to determine each Class Member's percentage share of the Settlement Fund after any Court-approved attorneys' fees and expenses, and Claims Administrator's fees have been deducted ("Funds Available"); (2) multiply each Collective Class Member's percentage share times the Funds Available to compute the Collective Class Member's "Individual Settlement Allocation." The Individual Settlement Allocations shall be made in accordance with the dates of employment set forth in the time and pay records provided by Defendants' counsel.

## 11.   TAX CHARACTERIZATION OF SETTLEMENT PAYMENTS

11.1   For purposes of income and payroll taxes (and any associated withholdings), all payments including but not limited to the Settlement Payments issued to the Participating Claimants shall be deemed to have been paid in the year in which such payments are issued by the Claims Administrator, regardless of when the checks are cashed.

11.2   For tax purposes, the Settlement Payments to Participating Claimants issued pursuant to this Settlement shall be allocated as follows: 50% of the Settlement Payment for each Participating Claimant shall be paid as W-2 wages; the balance of any payments made to such Participating Claimant shall be paid as non-wage (1099) income.

11.3   Payments made to Participating Claimants pursuant to this Agreement shall be made net of all applicable employment taxes, including, but limited to federal, state and local income tax withholding and the employee's share of the FICA tax and any other applicable payroll taxes.

11.4   All Participating Claimants each agree to indemnify and hold harmless Defendants for any taxes, penalties, interest or other amounts due or owing by that Participating Claimant on such 1099 payments.

11.5   All Participating Claimants acknowledge and agree that he or she has not relied upon any advice from Defendants or Defendants' Counsel as to the taxability of the payments received pursuant to this Agreement.

11.6    The Claims Administrator shall handle all tax reporting with respect to the payments made pursuant to this Agreement, and, regardless of any provision in this Agreement, shall report the payments in accordance with applicable law.

## 12.    RELEASES

12.1    By operation of entry of the Final Approval Order, upon the Final Effective Date, and excluding individuals who timely and validly submit an Opt-Out Statement, all Settlement Class Members shall be bound by the Settlement and deemed to have, and shall have, forever, finally, and fully released Defendants as to all of the Released Claims, regardless of whether such individual is a Participating Claimant.

12.2    Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, nor as an admission that a class should be certified for any purpose other than settlement purposes. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding· to approve, interpret, or enforce the terms of the Agreement.

## 13.    INTERPRETATION AND ENFORCEMENT

**13.1    Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.

**13.2    No Assignment.** Class Counsel, on behalf of the Settlement Class and Settlement Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**13.3    Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**13.4    Binding Effect**. This Agreement shall be binding upon the Parties and, with respect to Collective Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**13.5    Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this

Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**13.6    Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**13.7    Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**13.8    Blue Penciling** If any provision of this Agreement is held by-a court of competent jurisdiction to be void, voidable, unlawful or unforceable the remaining portions of this Agreement will remain in full force and effect.

**13.9    Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**13.10    Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation 'or implementation of this Agreement and of the settlement contemplated thereby. The Parties shall not petition the Court to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

**13.11    Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, of withstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**13.12    When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and approval by the Court. The Parties may execute this Agreement in counterparts; and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**13.13    Binding Authority of Counsel.** Counsel hereby represents that they are fully authorized to bind the parties they represent to the terms and conditions hereof and that they have retainer agreements and\or authorizations to execute this Agreement on their behalf.

**13.14  Signatures**  This Agreement is valid and binding if signed by the Parties or the Parties' authorized representatives.

**13.15  Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

AGREED TO:


_/s/_____
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
*Attorneys on behalf of Opt-in Plaintiffs and the Settlement Class*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415



_/s/_____
Andrew Hoffmann, Esq.
Hoffman & Associates
*Attorneys on behalf of Defendants 9 E. 53 Restaurant Inc., Nicholas Cyprus, Evans Cyprus, Dimitri Dellis and Marguerite Loucas*
450 7th Avenue
Suite 1400
New York, New York 10123

# EXHIBIT A

# NOTICE FOR
# 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
## NON-MANAGERIAL EMPLOYEES
## CLASS ACTION SETTLEMENT

### <u>THIS NOTICE AFFECTS YOUR RIGHTS; PLEASE READ IT CAREFULLY</u>

**If you were a Non-managerial Employee in New York between  November 2, 2011 and _____, please read this Notice. You may be able to participate in a Settlement regarding alleged unpaid overtime and related claims.**

Based on payroll records, it appears you may be entitled to participate in a proposed class action settlement with 9 E 53 Restaurant d/b/a Burger Heaven related to the payment of Non-managerial employees.

**PLEASE NOTE: YOU MAY RECEIVE OTHER NOTICES SIMILAR TO THIS ONE INVOLVING SETTLEMENTS WITH DIFFERENT DEFENDANTS IN DIFFERENT CASES. IF YOU DO, YOU MUST FILL OUT A DIFFERENT CLAIM FORM FOR EACH CASE IN ORDER TO PARTICIPATE IN EACH SETTLEMENT.**

THE UNITED STATE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS PRELIMINARILY APPROVED THIS SETTLEMENT.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get a payment.** To receive a settlement payment you must timely submit a: (1) fully complete and signed claim Form and (2) Identification Document, such as a passport or driver's license, to the Settlement Administrator. These documents must be postmarked (and the ID may also be texted) to the Settlement Administrator on or before _____ ("timely"). If electronically transmitted, the documents must also be received by that date.<br><br>If you properly and timely submit these documents, and the Court approves the Settlement, the average settlement payment is expected to be $_____ per each week worked from November 2, 2011 through _____, although some Settlement Class Members will receive less or more than the average, based on a number of factors, including: (i) how many days and hours you worked per week; (ii) the dates you worked; and (iii) the pay you received. |
| **EXCLUDE YOURSELF** | Get no payment, but give up no rights. See Question 14 below for instructions. |
| **DO NOTHING** | Get no payment, Give up employment claims covered by Settlement/release to maximum extent permitted by law. |
| **OBJECT OR GO TO HEARING** | Write to the Court, or ask to be heard in Court (at the final approval/fairness hearing), about why you don't like the settlement or any other comments you have about the settlement. See Question No. 13 below for instructions. |

## NOTICE FOR
## 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
### KITCHEN WORKERS AND DELIVERY PERSONS
### CLASS ACTION SETTLEMENT

These rights and options – **and the deadlines to exercise them** – are explained in detail below.

**Basic Information**

| 1. What is this litigation about? |
| --- |

A lawsuit was filed by former Non-managerial employees asserting that they are owed compensation for hours worked for which they were not paid. Specifically, they allege, among other things, that 9 E 53 Restaurant d/b/a Burger Heaven ("Defendants") violated the Fair Labor Standards Act ("FLSA") and new York Labor Law by not paying Non-managerial employees correctly for all of the hours, including overtime hours, and not paying minimum wage, that they worked. Plaintiffs sought to bring their claims as a class ad/or collective action (essentially, on behalf of all Non-managerial employees that they contend were subjected to the practices they challenge.)

Defendants deny that they violated the law and maintain that they have consistently acted in accordance with all governing laws at all times, including by paying Non-managerial employees correctly. However, to avoid the burden, expense, and inconvenience of continued litigation, Defendants have agreed to settle the lawsuits on a class and collective basis, without admitting any wrongdoing or liability.

No decisions have been made by any court about the merits of Plaintiffs' claims in the lawsuit or whether any case, in the absence of this Settlement, could proceed as a class and/or collective action.

| 2. Why did I receive this notice? |
| --- |

The Court in the relevant action granted preliminary approval to the proposed Settlement and authorized the mailing and/or emailing of this Notice to you. You received the notice because payroll records indicate that you provided services as a Non-managerial employees for Defendants (and/or one of its affiliates), between November 2, 2011 and _____, where Defendants or their affiliates were responsible for hiring and paying Non-managerial employees.

This notice explains the lawsuits, the Settlement, and your legal rights.

Magistrate Judge Sarah Netburn of the United States Court for the Southern District of New York is overseeing this case.

| 3. What is a class action? What is a collective action? |
| --- |

A class action is a lawsuit where one or more persons, called class representatives, sue not only for themselves, but also on behalf of people who may have similar claims. There people are called Class Members (or Settlement Class Members). In a class action, one court resolves the issues for all class Members who do not opt out of the case.

# NOTICE FOR
# 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
## KITCHEN WORKERS AND DELIVERY PERSONS
## CLASS ACTION SETTLEMENT

### Who Is Part Of The Settlement?

**4. Who is a member of the Settlement Class? How do I know if I am part of this Settlement?**

This Settlement covers (or affects):

Any non-managerial employee employed at 9 E 53rd d/b/a Burger Heaven, from the date that is six years preceding the filing of the initial Complaint in the action through _____.).

The class period covered is November 2, 2011 through _____.

Defendants have conducted a reasonably diligent investigation and have identified the productions (where Defendants paid the Settlement Class Member's wages whether directly or through a third party payroll processor) which they believe meets the stated definition during the settlement period.

### Why Is There a Settlement And What Does It Provide?

**5. Why is there a Settlement?**

The court has not decided in favor of the Plaintiffs or Defendants. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and the people affected will get a chance to receive compensation.

**6. Do Plaintiffs and Class Counsel support the Settlement? Why?**

The attorneys representing the Settlement Class ("Class Counsel") have analyzed and evaluated the merits of the claims asserted in the lawsuit. Upon careful consideration of all of the facts and circumstances, Class Counsel believes that the Settlement negotiated with Defendants is fair, reasonable, and adequate and is in the best interest of the Settlement Class and is preferable to litigating the claim, given the risks, delay, and uncertainty associated with doing so.

The court has preliminarily agreed with that assessment, has set a hearing to consider finally approving the settlement, and has ordered that notice be sent to you of the proposed Settlement and its terms.

**7. How much is the total settlement?**

Defendants have agreed to pay a sum not to exceed $1,200,000.00 to settle the claims. This amount covers all of the costs and expenses associated with the settlement, including Settlement Payments to be distributed to the Settlement Class Members. Class Counsel's court-approved fees, costs, and expenses, and settlement notice and administration costs.

**8. How much is my Settlement Payment?**

If you properly and timely submit the Claim Form and Identification Document, and the Settlement is approved by the Court, you will receive a check. The the average settlement payment is expected to be $_____ per each week worked from November 11, 2011 through _____, although some Settlement Class Members will receive less or more than the average,

# NOTICE FOR
# 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
## KITCHEN WORKERS AND DELIVERY PERSONS
## CLASS ACTION SETTLEMENT

based on a number of factors, including: (i) how many days and hours you worked per week; (ii) the dates you worked; and (iii) the pay you received.

### 9. Will my settlement payment be subject to tax withholding?

Yes. The Agreement contains a formula that will allocate your settlement payment between wage (W-2) and non-wage (1099) income. Under the formula, approximately one-half of your projected settlement payment will be paid in the form of a payroll check from which all ordinary payroll taxes and withholdings will be deducted. Taxes will be withheld on a portion of your settlement payment. The amount of withholding will be based on the terms of the Settlement and applicable tax rules, as determined by the Settlement Administrator. This income will all be reported in the year in which the payment is made (not the year you worked for the Defendants). You are responsible for reporting and paying appropriate taxes on these payment; you should consult a professional tax preparer if necessary. Class counsel and the Settlement Administrator cannot provide tax advice.

### How Do I Get Benefits?

### 10. When will I get my Settlement Payment? How long do I have to cash my check?

The Court will hold a fairness hearing to determine whether to approve the Settlement, as described in more detail in Question No. 20. If the Court approves the Settlement, and there are no appeals, the process will be delayed.

You will need to deposit or cash your settlement check within one-hundred eighty (180) calendar days after it is dated. Any uncashed checks will be void as of that date and not re-issued.

### 11. How can I participate in the Settlement?

To receive a payment you must timely and properly complete and return the enclose Claim Form and a copy of an approved Identification Document.

**Your Claim Form and approved Identification Document must be postmarked, the Claims Administrator on or before _____.**

The Settlement Administrator's address is:

ARDEN CLAIMS SERVICES, INC.

322 Main Street

Port Washington, New York 11050

An acceptable Identification Document is a legible copy of any valid federal or state issued Photo ID. Some examples are a passport or a driver's license. If you are unsure if you have a proper form of identification, don't have a government-issued Photo ID, or have any questions about what to send in, please contact the Settlement Administrator.

By filling out and submitting your Claim Form you are opting into the settlement/action.

4

## NOTICE FOR
# 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
## KITCHEN WORKERS AND DELIVERY PERSONS
## CLASS ACTION SETTLEMENT

**If you do not properly compete and timely submit your Claim Form and a copy of an approved Identification Document, then you will not be eligible to receive any payment.**

### Claims Being Released

| |
|---|
| **12. What am I giving up to stay in the Settlement Class?** |

The Settlement provides for a release of claims. In general terms, it releases all wage/compensation/workplace condition claims related to your work as a non-managerial employee during the class period. (The settlement also releases claims against Defendants.) When claims are "released," that means that a person covered by the release cannot sue the released parties for any of the claims that are covered by the release.

### Exclusion Requests
### And
### Objecting To Or Commenting On The Settlement

| |
|---|
| **13. How do I object or otherwise comment on the Settlement?** |

If you do not opt-out of the Settlement, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the court should not approve it. If you object and the Settlement is nevertheless approved by the Court, you will still be bound by the terms of the Settlement. You may not object to the Settlement if you properly and timely exclude yourself or "opt-out" of the Settlement, because by doing so you are no longer part o the case and it no longer affects you in any way.

You may also positively comment on the Settlement and result if you wish.

To object or otherwise comment, you must send a letter to the Settlement Administrator (at the address noted in Question No. 11) saying that you object to or otherwise commenting on the Settlement. The Settlement Administrator will share your objection/communication with Class Counsel and Defendants' Counsel and it will be filed with the Court. **Your objection/comment must be postmarked no later than _____.** Untimely objections/comments may not be considered by the Court.

The Court will consider your objection whether or not you attend the Fairness Hearing. However, if you wish to appear before the Court to be heard at the Fairness Hearing, you should specifically request to do so in your objection/comment letter. (Settlement Class Member/objectors who merely show up at the Fairness Hearing without notice may not be heard.)

Your statement must include/state:

- All the reasons for you objection and any supporting documentation in your possession.
- Your name, address, and telephone number.
- Whether you are represented by counsel and, if you are, the name and address of your counsel.
- The case number, which is _____.

| |
|---|
| **14. How do I exclude myself (opt-out) of the Settlement? What is the effect of doing so?** |

## NOTICE FOR
## 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
### KITCHEN WORKERS AND DELIVERY PERSONS
### CLASS ACTION SETTLEMENT

If you don't want benefits from this Settlement, and want to keep the rights that are being released, then you must take steps to exclude yourself – which is sometimes referred to as "opting-out" of the Settlement Class. To do so, you must mail a written, signed statement to the Settlement Administrator stating "I opt-out of the Non-Managerial Employee Class Action Settlement with 9 E 53 Restaurant Inc. d/b/a Burger Heaven," or words to that effect which clearly express your desire to exclude yourself from this Settlement.

Your opt-out statement bust include your name, address, and telephone number, contain the statement noted above, and must be signed ("Opt-Out Statement"). To be effective,, the Opt-Out Statement must be mailed to the Settlement Administrator and postmarked on or before _____ to the address listed in Question No. 11.

If you exclude yourself, you will NOT receive any monies from the Settlement. If you fail to include the required information or if your Opt-Out Statement is not timely mailed, your Opt-Out Statement will be deemed void and ineffective.

If you do not properly exclude yourself from this case/Settlement, you will be bound to the same even as if you had done nothing at all in response to this notice.

### 15. What's the difference between objecting and excluding yourself (opting-out)?

Objecting is simply telling the court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement ("opting-out") is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

### Doing Nothing

### 16. What happens if I do nothing?

If you do nothing, you will not receive any money from this Settlement, but you will still release the claims covered by the releases set forth in the Settlement **to the maximum extent permitted by law.** When a claim is released, you are not permitted to sue the released party as to that claim.

### Who Are The Lawyers Involved

### 17. Who is Class Counsel?

The Court appointed the following lawyers as Class Counsel to represent the Settlement Class:

Helen Dalton & Associates, P.C.
Roman Avshalumov, Esq.
James O'Donnell, Esq.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
(718) 263-9591

# NOTICE FOR
# 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
## KITCHEN WORKERS AND DELIVERY PERSONS
## CLASS ACTION SETTLEMENT

If you wish to be represented by your own lawyer, for example if you wish to object to the Settlement, you may hire one at your own expense.

### How Will Class Counsel Be Paid?

| **18. Are attorney fees, costs, expenses and service payments being sought?** |
| --- |

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment fees or any reimbursement of their out-of-pocket expenses incurred on behalf of the Settlement Class. As part of the Settlement, Class Counsel will ask the Court to approve a payment to them of one-third of the settlement fund for their attorneys' fees, costs and expenses. Class Counsel seeks these attorneys' fees to pay for investigating the facts of this case, litigating this case and negotiating the Settlement.

The minimum and projected average payments to Settlement Class members noted on the first page take into account this expected award for attorneys fees.

### Final Approval and Effect of Final Approval

| **19. What is the legal effect of the Settlement?** |
| --- |

If the Court grants final approval of the Settlement, settlement checks will be issued to Settlement Class Members who have timely and properly submitted a Claim Form and an approved Identification Document.

Settlement Class members, regardless of whether they submit a claim Form, will be deemed to have fully released and discharged Defendants from the claims covered by the releases set forth in the Settlement to the maximum extent permitted by applicable law.

| **20. When will the Court decide whether to finally approve the Settlement?** **What if it is not approved?** |
| --- |

The Court will hold a Fairness Hearing on _____ at the United States District Court for the Southern District of New York, at _____, in _____.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether it should be finally approved, and if so, what amount of attorneys' fees, costs and expenses, and service payments, should be awarded. The Court will consider any written objections that were submitted as part of this process, as well as any oral comments that are permitted to be presented at the hearing itself.

At or after the Fairness Hearing, the Court will decide whether to grant the Settlement final approval. The Parties do not know how long it will take for the court to issue its decision. The time and date of the hearing may be changed without further notice.

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement was attempted. In that case, there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed anything.

| **21. Do I have to attend the Fairness Hearing?** |
| --- |

## NOTICE FOR
## 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
### KITCHEN WORKERS AND DELIVERY PERSONS
### CLASS ACTION SETTLEMENT

No, you are not required to attend the Fairness hearing, but are welcome to do so at your own expense if you wish. Class Counsel will represent you at the hearing, unless you have opted-out of the action.

| 22. Are there more details about the Settlement? What if I have any questions? |
| --- |

This notice summarizes the terms of the proposed Settlement.

If you have a procedural question, such as how to complete the claim form, please contact the Settlement Administrator. It is also recommended that you contact the Settlement Administrator before the claim filing deadline to confirm that they have received your documents.

If you have a question that requires legal consultation, please contact Class Counsel Roman Avshalumov and James O'Donnell at Helen Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 300, Kew Gardens, New York 11415, (718) 263-9591. Your communications with Class Counsel will be strictly confidential and privileged.

NO INQUIRIES SHOULD BE DIRECTED TO THE COURT

| 23. What if my name or address changes? |
| --- |

If your name or mailing address changes after you submit your Claim Form you must notify the Settlement Administrator immediately. If you do not correct your address, your settlement payment, and/or any other case notices may be mailed to your old address. Therefore, it is your duty to keep an updated address on file until you have received your settlement check and tax reporting forms. The contact information for the Settlement Administrator is listed above.

| 24. Will submitting a Claim Form affect my employment or future employment? |
| --- |

Whether you are a current or former employee of the Defendants, you decision as to whether or not to submit a claim for will in no way affect your current or future employment with the Defendants.

# NOTICE FOR
# 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
## KITCHEN WORKERS AND DELIVERY PERSONS
## CLASS ACTION SETTLEMENT

*Gordillo et al. v. 20 E 49 Restaurant Inc. et al.*
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
Civil Action No.: 17-cv-8460
**CLAIM FORM FOR**
**9 E 53 RESTAURANT INC. d/b/a BURGER HEAVEN**
**NON-MANAGERIAL EMPLOYEES SETTLEMENT**

CHANGE OF ADDRESS (ONLY IF DIFFERENT FROM ABOVE)

_____

Name

_____

Primary Address

_____        _____        _____

City                                                    State                Zip Code

**Instructions**: To receive a payment under the Settlement as described in the Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Notice") that accompanies this claim Form, this Claim For ("Claim Form") must be fully completed and timely submitted to the Settlement Administrator.

You must also mail a copy of an approved form of identification Document such as a passport or driver's license. (See Notice Question 11 for complete list of acceptable forms of Identification.) All of these materials must be returned to:

ARDEN CLAIMS SERVICES, INC.
322 Main Street
Port Washington, New York 11050

**DEADLINE:** Your Claim Form and Identification Document must be postmarked on or before
_____.

**YOUR ESTIMATED SETTLEMENT SHARE: If you properly and timely submit this Claim Form and your Identification Document and the Court approved the Settlement, you will be mailed a settlement check.** The minimum settlement payment will be $_____, while the average settlement payment is expected to be $_____. Although some Participating Claimants will receive less or more than the average, based on a number of factors, including: (i) how many days and hours you worked per week; (ii) the dates you worked; and (iii) the number of non-managerial employees who participate in the Settlement.

9

# NOTICE FOR
# 9 E 53 RESTAURANT d/b/a BURGER HEAVEN
## KITCHEN WORKERS AND DELIVERY PERSONS
## CLASS ACTION SETTLEMENT

**ACCURACY OF INFORMATION**: Payroll records will be used to calculate the individual award and the settlement formula is designed to address plaintiffs' allegation that Defendants' payroll practices did not properly account for all hours and overtime actually worked. If you have any questions regarding productions/weeks you worked, and/or believe Defendants' records are incomplete, please contact the Settlement Administrator.

**WITHHOLDING INFORMATION**: Taxes will be withheld on a portion of your settlement payment. The amount of withholding will be based on the terms of the Settlement and applicable tax rules, as determined by the Settlement Administrator.

**CONFIRMATION OF/CHANGE OF ADDRESS: I confirm that the above address (or corrected address) is accurate.** If you change your address in the future, please immediately inform the Settlement administrator of your new address to ensure processing of your claim and receipt of your check. (Updated information will not be provided by Defendants or their payroll processors.)

**CONSENT: You understand** that the Settlement provides that all Settlement Class Members who submit a timely and valid Claim Form shall be deemed, for purposes of Section 16(b) of the Fair Labor Standards Act, to have opted into the Action (regardless of whether they cash the settlement check issued as part of the Settlement) and are bound by the Final Approval Order, including all of the releases specified in the Agreement.

**RELEASE: You understand** that the Settlement provides for a release of claims. It releases all wage/compensation/workplace condition claims related to your work as a non-managerial employee during the class period, which is roughly November 2, 2011 though _____. (The Settlement also releases claims against Defendants.) This is a very general summary. Please see the Class Notice and/or Settlement Agreement for more details regarding the scope of the release.

**Confirmation of Employment: I confirm** that I worked as a non-managerial employee during the class period set forth in the Notice.

**ACKNOWLEDGEMENTS**: I have carefully reviewed this Claim Form and the information included in the Notice. I submit this Claim Form knowingly and voluntarily, with a full understanding of its consequences, and without having been promised any benefit by any party or attorney in this Action, other than s described in the Notice and this Claim Form.

I declare under penalty of perjury that the above information is correct.

Signature: _____          Dated: _____

Print Name: _____

_____

Last Four Digits of Social Security Number

_____

Phone Number