UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSE LUIS GORDILLO, et al.,

                                Plaintiffs,

          -against-

20 E. 49 RESTAURANT, INC., et al.,

                                Defendants.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/2020

17-CV-6743 (SN)

**ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT**

**SARAH NETBURN, United States Magistrate Judge:**

      On January 14, 2020, Plaintiffs in this action, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, filed a motion for preliminary approval of this wage and hour class settlement, conditional certification of the settlement class under Rule 23(b), appointment of class counsel and claims administrator, and approval of the notice of settlement. ECF No. 83.

      Having reviewed the Class Settlement Agreement, ECF No. 85, Ex. A (the "Class Settlement Agreement") and the parties' submissions, the Court HEREBY ORDERS THE FOLLOWING:

      1.     The Court grants preliminary approval of the Class Settlement Agreement. The proposed agreement appears to be fair, reasonable and adequate such that class members should receive notice of the settlement. See Lizondro-Garcia v. Kefi LLC, 300 F.R.D. 169, 179 (S.D.N.Y. 2014) (courts should permit notice of settlement to be sent to class members where an initial evaluation shows there is the settlement is in the range of possible approval) (collecting cases). See also Wright v. Stern, 553 F. Supp. 2d 337, 343 (S.D.N.Y. 2008) ("A

'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (quoting Wal–Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir.2005)).

2. The Court conditionally certifies the Rule 23 class for settlement purposes only. Plaintiffs—who propose a class of over 100 members alleging wage and hour violations—appear to meet the requirements for class certification under Rules 23(a) and (b)(3). See Fed. R. Civ. P. 23(a), 23(b)(3); Palacio v. E*Trade Fin. Corp., No. 10-CIV-4030 (RJH) (DCF), 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (noting "several practical purposes" of provisional settlement class certification "including avoiding the costs of litigating class status while facilitating a global settlement").

3. The Court appoints Plaintiffs' counsel, Helen F. Dalton & Associates, P.C., to be Class Counsel. See Fed. R. Civ. P. 23(g)(1)(A) (in evaluating the adequacy of class counsel, courts should consider "(1) The work counsel has done in identifying or investigating potential claims in the action; (2) Counsel's experience in handling class actions . . . (3) Counsel's knowledge of the applicable law, and (4) The resources that counsel will commit to representing the class."). See also Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (noting that counsel who had "represented plaintiffs in these suits since they were initiated" had "extensively investigated potential claims in the action."). The Court also appoints Arden Claims Service, the administrator the parties jointly designate, as the third-party settlement claims administrator.

4. A final fairness hearing on the question of whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate is scheduled in this

Court, located at 40 Foley Square, Courtroom 219, New York, New York, 10007, on Friday, May 1, 2020, at 2:00 p.m.

5. The Court approves the procedures for Class Members to participate in, opt out of, or object to the Settlement, as set forth in the Settlement Agreement and the Proposed Notice and Claim Form. Plaintiffs are directed to distribute the Proposed Notice and Claims Form to the Class in the manner set forth in the Settlement Agreement, with all distribution of notice completed by no later than ten days after the date of this Order (the "Notice Date").

6. To validly object to the Settlement Agreement, an objecting Class Member must provide the following information in the written objection: (i) the objecting Class Member's full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Class; (iii) a statement of the position(s) the objecting Class Member wishes to assert, including the factual and legal grounds for the position; (iv) copies of any other documents that the objector wishes to submit in support of his or her position; (v) whether the objecting Class Member intends to appear at the Fairness Hearing on with or without separate counsel; and (vi) if the objecting Class Member intends to appear at the Fairness Hearing with separate counsel, the identities of all attorneys who will separately represent the objecting Class Member.

7. Pending the Fairness Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

8. To facilitate administration of the Settlement Agreement pending final approval, the Court hereby enjoins all Class Members from filing or prosecuting any claims, suits, or administrative proceedings regarding claims released by the Settlement Agreement unless and until such Class Members have filed valid requests for exclusion. This includes any Class Member's continuing prosecution of related claims before the New York State Department of Labor.

9. No later than Monday, April 20, 2020, Plaintiffs' counsel shall move and file a memorandum of law in support of final approval of the Settlement Agreement, an award of attorney's fees and costs, and service payments to the named plaintiffs.

10. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 83.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: February 18, 2020
New York, New York